Francis A. CALIENDO, Plaintiff,

v.

Lloyd BENTSEN, Secretary of the Treasury, Defendant.

Civ. A. No. 94–1277.

United States District Court, District of Columbia.

March 31, 1995.

Charles Russell Twist, Arlington, VA, David E. Roloff, Gaines & Stern, Cleveland, OH, for plaintiff.

Stacy M. Ludwig, U.S. Attorney's Office, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendant's partial motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff, a Special Agent for the Department of the Treasury's U.S. Customs' Service, brings this action against his employer for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").

Plaintiff's complaint alleges a host of retaliatory actions in violation of Title VII by Plaintiff's employer over a span of four years, including denials of performance awards, issuance of a letter of reprimand, removal from assignments and refusals to promote. The last action of which Plaintiff complains is his reassignment from Cleveland to Los Angeles which became effective on February 6, 1994.[1]

Defendant contends that Plaintiff has failed to exhaust his administrative remedies with respect to all of his claims, except his claims of retaliation in violation of Title VII and age discrimination in violation of the ADEA relating to his transfer from Cleveland to Los Angeles. All parties concede that Plaintiff timely filed an administrative EEOC charge with respect to his transfer claims. In opposition to Defendant's motion, Plaintiff argues that he has properly alleged a "continuing violation" theory, which allows a plaintiff to litigate claims which fall outside of EEOC charge-filing time requirements, as long as one claim falls within the charge-filing period.

---

1. Plaintiff's age discrimination claim only relates to his forced transfer to Los Angeles.

## EEOC PROCEDURES AND CONTINUING VIOLATION THEORY

 Prior to filing a Title VII suit, an individual must first file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"). *Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711, 717 (D.C.Cir.1978). Exhaustion of this administrative remedy is a prerequisite to judicial relief. *Siegel v. Kreps*, 654 F.2d 773, 776–77 (D.C.Cir.1981). Pursuant to 29 C.F.R. § 1613.214(a)(1)(i), an individual must contact an EEOC counselor within 30 days of the alleged acts of retaliation. This time limit is treated as a statute of limitations, subject to waiver, estoppel and tolling. *Kizas v. Webster*, 707 F.2d 524, 543 (D.C.Cir. 1983), *cert. denied*, 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173. Thus, as a general rule, a Title VII claim can only be comprised of misconduct that the Plaintiff complained of in a timely-filed administrative complaint before the EEOC. *Shehadeh* at 724. The purpose behind this rule is to protect defendants against having to defend against stale claims. *Delaware State College v. Ricks*, 449 U.S. 250, 256–57, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980).

 An exception exists, however, when a "continuing discriminatory employment practice is alleged." *Shehadeh* at 724. Where the discriminatory practice is continuing in nature, "the administrative complaint may be timely filed notwithstanding that the conduct impugned is comprised in part of acts lying outside the charge-filing period." *Id.* The legislative history of Title VII supports the "continuing violation" exception to the 30 day time limit. Congress indicated that where continuing violations exist, the required time periods for filing administrative complaints should run "from the last occurrence of the discrimination and not from the first occurrence." [2] Under the continuing violation theory, "it is the ongoing program of discrimination, rather than any of its particular manifestations, that is the subject of attack." *Shehadeh* at 724–25. Such an ongoing program of discrimination can be directed against one employee "as readily as against a sizeable class of employees." *Id.* at 725, n. 73.

 In order to save the claims for which an administrative claim was not filed within the prescribed time limits, the Plaintiff must have properly alleged the continuing violation theory in both the administrative complaint [3] as well as the formal complaint before this Court. Only those claims properly raised at the administrative level may be set forth in the district court complaint.[4] In this case, Defendant does not challenge the sufficiency of the administrative complaint to support federal court review of the claims that fall outside of the EEOC charge-filing time requirements. The Defendant's motion to dismiss is only directed at the Plaintiff's district court complaint.

## MOTION TO DISMISS STANDARDS

 In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true each of the allegations in the complaint. The motion should not be granted unless it appears that the plaintiff can prove no set of facts entitling him to the relief sought in the complaint. *See, e.g., Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## ANALYSIS AND DECISION

 The issue before the Court is whether Plaintiff's complaint adequately al-

---

**2.** 118 Cong. Rec. 7167 (1972) (conference report).

**3.** *See, e.g., Graham v. Adams*, 640 F.Supp. 535, 538 (D.D.C.1986); *Haithcock v. Frank*, 958 F.2d 671, 675–76 (6th Cir.1992).

**4.** An administrative complaint should be construed liberally and should not be held to the same standards as judicial pleadings since administrative claims are often filed by lay persons.

*See Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992). The Ninth Circuit addressed the question of what the Plaintiff must allege in the administrative complaint to support federal court review of Plaintiff's continuing violation theory. The Court held it was sufficient that the continuing violation theory be "evidenced in his EEOC charge." It need not be specifically alleged. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990).

leges facts which would support a continuing violations theory. The D.C. Circuit has held:

> To be considered continuing in nature . . . the discrimination may not be 'limited to isolated incidents but [must] pervade[ ] a series or pattern of events which continue to within' the filing period.

*Milton v. Weinberger,* 645 F.2d 1070, 1076 (D.C.Cir.1981) (citation omitted). Specific, unrelated incidents of discrimination do not constitute a continuing violation. *Id.* The remote claims must be connected to the claims for which timely administrative complaints were filed. *Id.* at 1077.

In *Graham v. Adams,* 640 F.Supp. 535, 539 (D.D.C.1986), the Court found "[i]t difficult to conceive how the plaintiffs c[ould] demonstrate a nexus" between the remote claims and the claims timely filed. Nevertheless, in the context of a motion to dismiss where the allegations must be evaluated in the light most favorable to the plaintiffs, the Court found that plaintiffs' allegations that defendants' actions constituted "policies and practices" of discrimination were sufficient to support a continuing violation theory.

Here, in addition to the timely-filed, forced transfer retaliation claim, Plaintiff asserts retaliation claims for the Defendant's "refusal to promote him, the denial of performance awards and other discriminatory conduct." More specifically, Plaintiff alleges that the following personnel actions were discriminatory retaliation: 1) Plaintiff's removal from an undercover operation in 1990; 2) Plaintiff's failure to receive monetary awards in conjunction with his receiving the "Commissioner's Award" in 1991; 3) Plaintiff's removal as acting group supervisor in 1992; 4) Plaintiff's receipt of a letter of reprimand in 1992; 5) Plaintiff's removal as a team leader for the execution of a search warrant in January of 1993; 6) Plaintiff's relief from his responsibilities as a wire room supervisor in March of 1993; and 7) Plaintiff's failure to be promoted to grade level GS–14 during the time in question.

Plaintiff has adequately alleged a connection between his timely filed, forced transfer claim and the remote claims. He alleges that all the adverse actions taken against him were in retaliation for his prior EEOC activities and his opposition to unlawful discrimination. Plaintiff alleges that he "is being singled out because Plaintiff has previously stepped forward and indicated his opposition to unlawful discrimination, has successfully pursued an EEO case against Treasury and has spoken to the media about discrimination at Treasury." Complaint, ¶ 23. He supports his retaliation claim by alleging that his prior EEOC activities were well-known by fellow agents and supervisors. Complaint, ¶ 6.

■ Claims of retaliation are particularly well-suited to the assertion of the continuing violation theory. In a case such as this, where a plaintiff claims that a series of adverse employment actions constitute retaliation, the plaintiff is claiming that all the adverse actions are in reaction to the same prior action(s) by Plaintiff and, hence, are connected to one another. If the adverse actions stem from the same source, they are connected to one another.

Whether Plaintiff will ultimately be able to prove that the alleged discriminatory actions are connected to one another and constitute an "ongoing program of discrimination" is an entirely different question and not one which the Court must address in the context of a motion to dismiss. If, after discovery, the Defendant believes that there is no evidence to support Plaintiff's continuing violation theory, Defendant can file a partial motion for summary judgment with respect to the remote claims.

Based on the foregoing, the Court finds that Plaintiff has plead facts sufficient to withstand Defendant's partial motion to dismiss.